## No. 192.

A. R. KETCHUM FOR FRED. KETCHUM VS. TEXAS AND PACIFIC RAILROAD COMPANY.

A railroad company is responsible in damages for injuries sustained by a person who is run over by one of its engines at one of its crossings on the street of a city, when it is shown that the engine was being driven at a rate of speed unusual in a depot yard, and beyond the limits of speed allowed under its own regulations, and that no signals by either whistle or bell was given of the approach of the engine·

A verdict of the jury allowing $10,000 damages for injuries caused by such an accident to a boy who lost an arm thereby, and who belongs to a laboring family, will not be disturbed on appeal. The allowance is not excessive.

APPEAL from the First District Court, Parish of Caddo. *Hicks*, J.

*T. F. Bell* for Plaintiff and Appellee.

*Wise & Herndon* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. The defendant company appeals from a judgment based on the verdict of a jury, in the sum of ten thousand dollars as damages for injuries inflicted on plaintiff's minor son by one of the engines of the company through the alleged carelessness of the engineer, one of its employees.

The main defense is the alleged contribution; negligence of the injured boy, who was eleven years of age at the time of the accident.

The law of the case is too well settled in jurisprudence to require any discussion at the present time.

The principles which defendant's counsel contend for find ample support in numerous authorities including our own reports, namely: that in damage suits the party injured cannot recover if he contributed to produce the result, or in other words, if both parties are in fault, neither can recover damages from the other, and that children who have reached the age of reason, can be guilty of imputable contribu-

tory negligence which will bar a recovery on their part. Childs vs. R. R. Co., 33 Ann. 154; Lott vs. R. R. Co., 37 Ann. 337.

But the evidence in the record removes the case far beyond the domain of either of the rules; it satisfactorily establishes the following state of facts:

The accident occurred in the city of Shreveport at a railroad crossing on one of the streets, the only avenue to a large cotton oil mill, to which an average of one hundred vehicles are driven each day, and which is situated nearly opposite the defendant's main depot in Shreveport, from which it is separated by the railroad's main and two switch tracks.

The boy had gone into the mill-yard on a wagon loaded with cotton seed, and after the wagon had been emptied of its load, and was being weighed on a pair of scales under a shed adjoining the oil mill office, a short distance from the road, he undertook, at the request of the regular driver of the wagon, to drive the team across the track to the street.

Knowing that an engine was taking water at a tank at a distance of about 350 feet east of the crossing, and that it would soon pass at that point, and being prevented by buildings from seeing the engine from the place where the wagon stood, he took the precaution to go out to the track to ascertain whether the engine was moving, and as it was yet standing still, he returned to and in the wagon and began to drive out, but before he had cleared the track the hind end of the wagon was stricken by the locomotive, and he was thrown under the engine, by means of which his arm was shattered and had to be amputated above the elbow.

The testimony shows that the boy frequently rode back and forth in that wagon, with the express permission of his father and of the teamster for the purpose of learning how to drive, and that he took every precaution which even mature experience could suggest to cross the road before the engine could be on him. Hence we agree with the jury in the conclusion that no negligence can reasonably be imputed to him in the premises.

On the other hand, the preponderance of the evidence goes to show that the engine was driven at a rate of speed unusual in a town or city, and far beyond the limit prescribed by the regulations of the company; and that when the engine approached the mill, no bell was rung and no whistle was blown. The limit allowed for speed in depot yards is four miles per hour, and the engine was then running at a speed of ten to twelve miles an hour.

Our conclusion is therefore clear that the accident is rationally attributable to these two causes and to no other circumstance. Hence it was carelessness and negligence on the part of the engineer, for which the company must be held responsible.

That conclusion is fortified by the omission of the company to introduce the evidence of the engineer who had charge of the engine at the time of the accident, which occurred in broad daylight. Day vs. R. R. Co., 35 Ann. 694.

The measure of the damages is the only point left for our consideration, and we note that this question was not discussed by either counsel on appeal.

Defendant's exclusive hope of relief was apparently in the contention of contributory negligence on the part of the injured boy.

The sum allowed by the jury at first appeared excessive to our minds.

But after considering that the boy is the son of a laboring man, without property or means, and that for the balance of his life he will be deprived of the use of so important a limb, absolutely indispensable to the performance of manual labor, we do not feel justified to disturb the finding of the jury.

Judgment affirmed.